UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-61964-MGC-PMH

MELISSA ROCHER,

      Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC  D/B/A ARS ACCOUNT
RESOLUTION SERVICES,

      Defendant.

_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS"), and files its Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint in the above-entitled matter, denies each and every allegation in the First Amended Complaint [**DE 9**], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

### JURISDICTION AND VENUE

1.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

2.    Admitted for purposes of personal jurisdiction only.

### PARTIES

3.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

4.      Admitted for purposes of jurisdiction and venue only; otherwise denied.

## DEMAND FOR JURY TRIAL

5.      Defendant demands trial by jury regarding any issues of fact and law that remain following the ruling on any dispositive motions filed herein.

## PLAINTIFF'S ALLEGATIONS

6.      Admitted to the extent that Defendant ARS was retained, by the original creditor, to seek repayment for medical debt services from the Plaintiff; otherwise denied.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Admitted.

20.     Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors.  The

information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

21.     Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors.  The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

22.     Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors.  The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

23.     Denied. Defendant demands strict proof thereof.

24.     Denied.  Defendant demands strict proof thereof.

25.     Admitted.

26.     Denied.

27.     Denied.  Defendant demands strict proof thereof.

28.     Admitted to the extent that Exhibit A contains a QR code; otherwise denied.

**Count 1**
**15 U.S.C. § 1692c(b)**

29.    ARS incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

30.    Admitted to the extent that 15 U.S.C. § 1692c(b) of the FDCPA is self-evident in its entirety; and, thus, denied as to any aspects or interpretations other than the plain full reading of the same.

31.    Denied. Defendant demands strict proof thereof.

32.    To the extent this paragraph is construed to pertain to Defendant, this allegation is denied; Defendant demands strict proof thereof.

**Count 2**
**FLA. STAT. § 1692e, 1692e(2)(A), 1692e(5) and 1692e(10)**

33.    ARS incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

34.    Denied.

35.    Admitted to the extent that the provisions of Section 559.553(1) are self-evident.  Defendant denies any allegation that it has violated such provision.

36.    Admitted to the extent that the provisions of Section 559.556(1) are self-evident.  Defendant denies any allegation that it has violated such provision.

37.    Admitted to the extent that the provisions of Section 559.556(3) are self-evident.  Defendant denies any allegation that it has violated such provision.

38.    Admitted to the extent that the provisions of Section 559.556 are self-evident.  Defendant denies any allegation that it has violated such provision.

39.     Admitted to the extent that the provisions of Section 559.556 are self-evident.  Defendant denies any allegation that it has violated such provision.

40.     Admitted to the extent that the provisions of Section 559.556 are self-evident.  Defendant denies any allegation that it has violated such provision.

41.     Denied. Defendant demands strict proof thereof.

42.     Denied. Defendant demands strict proof thereof.

43.     Denied. Defendant demands strict proof thereof.

44.     Denied. Defendant demands strict proof thereof.

45.     Denied. Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively asserts that it had authorization and/or consent to communicate information about the Plaintiff to third-party vendors pursuant to documentation of consent for treatment and privacy agreements under HIPAA.

### Third Affirmative Defense

Defendant affirmatively asserts that Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein,* should not be applied to the Defendant retroactively.  The Defendant can demonstrate the three factors to preclude retroactive application as follows: (1) the *Hunstein* issue was a matter of first impression within this Circuit and contrary to

the industry's utilization of third-party vendors without incident or issue for more than 25 years. Thus, the ruling was not clearly foreshadowed as a potential violation of the FDCPA based on the district court's opinion; (2) the retroactive impact of the *Hunstein* opinion has generated at least 100 class action and individual "copy-cat" lawsuits against debt collectors since the date of the opinion on April 21, 2021; and (3) the application of the *Hunstein* opinion retroactively creates injustice and undue hardship upon the Defendant. *See: State Farm Fire & Casualty Co. v. Sweat*, 547 F. Supp. 233 (N.D. Ga. 1982).

**Fourth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), Section 1692k and/or Florida's Consumer Collection Practices Act ("FCCPA")  since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fifth Affirmative Defense**

Defendant affirmatively asserts that Section 559.553 *Fla. Stat*. does not create a private cause of action for consumers to bring "boot-strapped" allegations under the FDCPA.

**WHEREFORE,** Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services, requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, award reasonable attorney fees and costs as provided for under applicable law.

Dated this **21st day of October 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
SKohlmyer@Shepardfirm.com
*Attorneys for Defendant, Healthcare Revenue*
*Recovery Group, LLC d/b/a ARS Account Resolution*
*Services*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on

**October 21, 2021,** with the Clerk of the Court by using the electronic filing system. I

further certify that the foregoing has been sent via electronic transmission to the following:

Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com, and Thomas Patti, Esquire at

tom@jibraellaw.com *(Attorneys for Plaintiff).*

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare*
*Revenue Recovery Group, LLC d/b/a ARS*
*Account Resolution Services*